IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

D & M PAINTING CORPORATION, MIKE
MAKRIPODIS, KATHY MAKRIPODIS,

        08cv1411
    Plaintiffs,        **ELECTRONICALLY FILED**

    v.

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

**Introduction.**

Plaintiffs D & M Painting Corporation and Mike and Kathy Makripodis filed a Complaint seeking a writ of mandamus against the United States of America to stay the collection of substantial penalties ($600,000) assessed by the IRS against plaintiffs pursuant to 26 U.S.C. § 6707A, for failing to report a "listed transaction" concerning certain life insurance policies issued under the D & M Painting Corporation Pension Plan. Plaintiffs assert that the IRS is currently auditing the 2004 and 2005 individual and corporate tax returns, that the audit will show that the penalties assessed pursuant to section 6707A are not warranted because the policies in question do not qualify as "listed transactions," that collection of the penalties prior to completion of that audit will force D & M Painting out of business, and that plaintiffs have no adequate administrative or legal remedies to challenge the assessment.

Before the Court is the United States' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(1) (doc. no. 8), for lack of subject matter jurisdiction. Defendant asserts that it has sovereign immunity which has not been waived in this case, that the Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits this suit against the IRS, and that in any event the averments of

plaintiffs' complaint do not set forth the requisite elements for this Court to issue a writ of mandamus. After careful consideration of the complaint, defendant's motion to dismiss and brief in support, plaintiffs' brief in opposition and defendant's reply thereto, the Court agrees with the United States that this suit is prohibited by the Anti-Injunction Act.

**Rule 12(b)(1) Standard.**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims, the court's "very power to hear the case." See Fed. R. Civ. P. 12(b)(1); *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D.Pa. 2007) (quoting *Mortenson v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir.1995). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court must distinguish between facial attacks and factual attacks. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Id*. When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D.Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327

U.S. 678, 682 (1946)).

When a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). Defendant asserts that its attack is a factual one, and as the plaintiffs have filed affidavits in support of their jurisdictional claim, the Court will proceed accordingly.

**The Anti-Injunction Act.**

The Anti-Injunction Act provides as follows:

> Prohibition of suits to restrain assessment or collection
>
> (a) Tax.-- Except as provided in [certain specifically enumerated sections, including 6330(e)(1)] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

The Act applies to collection of penalties. *Iraci v. Scanlon*, 219 F.Supp. 796 (E.D.N.Y. 1963); *Rosner v. McGinnes*, 167 F.Supp. 44 (E.D.Pa. 1958). The Court agrees with the United States that plaintiffs are indeed seeking to restrain the collection of an assessment pending completion of their 2004 and 2005 tax return audits, and that the Act presumptively prohibits such suit except as provided in the Act or in the narrow judicial exceptions set forth in *Enochs v.*

*Williams Packing & Navigation Co.*, 370 U.S. 1 (1962) and *South Carolina v. Regan*, 465 U.S. 367, 378 (1984).

In *Zarra v. United States*, 254 Fed.Appx. 931 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit summarized the *Williams Packing* exception as follows:

> The Anti-Injunction Act provides, with limited exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Williams Packing*, 370 U.S. at 7, 82 S.Ct. 1125.
>
> In *Williams Packing*, the Supreme Court crafted a judicial exception to the Anti-Injunction Act. *Id.* This exception permits a taxpayer to seek an injunction in a District Court barring the collection of taxes if the taxpayer is able to demonstrate two factors: (1) that "under the most liberal view of the law and the facts, the United States cannot establish [the merits of] its claim," and (2) that there is an independent basis for the District Court to exercise "equity jurisdiction," or put differently, the taxpayer must show that he or she will suffer "irreparable injury" without injunctive relief. *Id.*; see also *Commissioner v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Flynn v. United States ex rel. Eggers*, 786 F.2d 586, 589 (3d Cir. 1986). The taxpayer's burden of proof under the *Williams Packing* exception is "very substantial[.]" *Flynn*, 786 F.2d at 591. However, if a taxpayer cannot establish either a statutory or judicial exception to the Anti-Injunction Act, then the District Court lacks subject matter jurisdiction and must dismiss the complaint. *Williams Packing*, 370 U.S. at 7, 82 S.Ct. 1125.

*Zarra*, 254 Fed.Appx. at 933.

*Williams Packing* further explained that a suit against the collection of taxes or assessments "may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise." 370 U.S. at 6.

The Court finds that plaintiffs have not met their burden of showing either prong of the *Williams Packing* exception. Initially, plaintiffs have not shown that, "under the most liberal

4

view of the law and the facts," the United States cannot establish the merits of its penalties assessed under section 6707A. In fact, plaintiffs claim that they are not attacking the merits of the assessments in this suit at all, but will do so in the IRS audit proceedings.

Second, plaintiffs have not shown that without an injunction, they have no other remedy and will suffer irreparable injury. Although plaintiffs aver (with supporting affidavits) that they attempted to obtain a due process hearing in advance of the IRS collection actions but were denied because, according to the IRS, it had not yet issued its final notice of levy, it would seem that this opportunity to challenge the assessments in advance of levy remains available to plaintiffs.

Section 6330, "Notice and opportunity for hearing before levy," 26 U.S.C. § 6330, is specifically exempted from the Anti-Injunction Act. See 26 U.S.C. §§ 7421(a) and 6330(e)(1). Section 6330 provides for a pre-levy due process hearing upon application of the taxpayer after the IRS files the requisite notice, followed by judicial review. See 26 U.S.C. § 6330(a)(1) ("No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made."). The United States explicitly states that plaintiffs' previous request for such a hearing was premature, and that once "plaintiffs receive a final notice of intent to levy, they can then request an appeal of that notice with a request for a collection due process hearing." Defendant's Reply Brief (doc. no. 20) at 3-4.

The Supreme Court also has held that the Anti-Injunction Act does not apply where a taxpayer has an alternate remedy to challenge a federal tax. *South Carolina v. Regan*, 465 U.S. 367, 378 (1978). In the *South Carolina* case, the United States Supreme Court held that the

Anti-Injunction Act was not intended to bar suit by the State of South Carolina where Congress had not provided it with alternative legal way to challenge the validity of the challenged tax. Since the State of South Carolina would incur no tax liability, it would be unable to utilize any statutory procedure to contest the constitutionality of the Tax Equity and Fiscal Responsibility Act provision regarding the form that registration-required obligations be issued to qualify for a tax exemption. Therefore, in the absence of *any* alternative legal remedy, South Carolina's suit was not barred by the Anti-Injunction Act.

Here, plaintiffs retain the opportunity to obtain a due process hearing prior to levy on their property. Additionally, as Defendant accurately notes, plaintiffs also may pay the assessments and then seek refund in a tax refund suit pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422, which is an "alternative legal remedy" that the State of South Carolina did not have available to it in the *South Carolina* case.

Because plaintiffs have not shown that the United States has no chance of prevailing on the merits of the section 6707A assessments, and because plaintiffs will not be irreparably harmed by denying their writ of mandamus since they retain the opportunity to obtain a pre-levy hearing pursuant to section 6330 or could pay the assessment and then seek a refund, the Court will grant the United States' motion to dismiss for lack of subject matter jurisdiction, by separate Order of Court.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties